**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANGELA K. GENTRY, *individually and as executrix of the Estate of Troy Lee Gentry*,

        Plaintiff,

v.

CHUBB *et al.*,

        Defendants.

Civil Action No. 21-13744 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendant Aviation Insurance Managers, Inc.'s ("Aviation") Motion to Dismiss (ECF No. 3) and Plaintiff Angela K. Gentry's ("Gentry") Motion to Remand (ECF No. 16). As to Aviation's Motion to Dismiss, Gentry has not yet opposed. As to Gentry's Motion to Remand, Aviation opposed (ECF No. 32), Gentry replied (ECF No. 35), and Defendant Ace Property and Casualty Insurance Co. ("Ace") also replied (ECF No. 39). At the Court's direction, the parties also submitted joint correspondence in support of their positions regarding remand. (ECF No. 52.) Having carefully considered the parties' submissions, the Court decides this matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Gentry's Motion to Remand and defers ruling on Aviation's Motion to Dismiss until briefing is complete.

**I.   BACKGROUND**

A helicopter crash killed Troy Lee Gentry ("Troy"). In the wake of the crash, Troy's widow Angela sued Defendants Cave Holdings-Flying W, LLC and Flying W Enterprises, Inc. (together,

"Flying W") as alleged tortfeasors to the crash. That litigation set off a series of insurance disputes that form the basis of this action.

How did this tragic tort morph into an insurance action? Before his death, Flying W contracted with Troy, a world-famous country music star, to host a concert on its premises. (Compl. ¶ 15, ECF No. 1-1.) The engagement required Flying W to take out a $5 million liability insurance policy to insure Troy's safety. (*Id.* ¶ 17.) To fulfill that requirement, Flying W worked with Defendants Shannon & Luchs Insurance Agency ("Shannon") and Aviation to procure a policy with Defendant Ace. (*Id.* ¶ 18.) Although unclear as to how, Ace ultimately issued Flying W's insurance policy through various Chubb entities, including "Chubb," "Chubb Limited," "Chubb Group," "Chubb North America," and "Chubb Aerospace Claims" (collectively, the "Chubb Defendants," and together with Shannon, Aviation, and Ace, the "Insurance Defendants"). (*Id.* ¶ 23.)

After Troy's death, Flying W filed a claim with the Chubb Defendants for coverage. (*Id.*) According to the Complaint, the Chubb Defendants denied that coverage without authorization from Ace. (*Id.* ¶ 25.) Flying W contested the denial, and the Chubb Defendants did not respond. (*Id.* ¶¶ 26-27.) Observing these events (and likely concerned with Flying W's ability to pay a tort judgment), Gentry launched a second suit in state court against Flying W and the Insurance Defendants. Although the Complaint names Flying W as a Defendant, it does not concern the underlying tort. Rather, it invokes Gentry's right (as a third-party beneficiary) under Flying W's insurance policy over coverage disputes. (*Id.* ¶¶ 28, 49.) The Complaint accordingly alleges four counts for declaratory judgment against each of the Insurance Defendants; the counts seek declarations that the insurance policy covers Flying W's tort liability. (*E.g., id.* ¶ 39.)

Aviation removed this insurance action to this Court without the full consent of Flying W and the Insurance Defendants (together, "Defendants"). (*See generally* Notice of Removal, ECF No. 1.) Explaining why full consent was unnecessary, Aviation contended (as it does now) as follows:

> (1) Flying W is a nominal Defendant whose consent is unnecessary,
>
> (2) Shannon was properly served and consented to removal,
>
> (3) Ace was not served at the time of removal and therefore its consent is unnecessary, and
>
> (4) The Chubb Defendants are fictitious entities that were improperly served and therefore their consents are unnecessary.

(Notice of Removal ¶¶ 9, 18-19, 35.) Gentry contests the assertions regarding Flying W and the Chubb Defendants, arguing that Flying W has a real interest in this litigation and that the Chubb Defendants are properly served, real entities. Why does Gentry fight so hard on these points? The answer lies in the intricacies of removal jurisdiction. Because Gentry's action rests on diversity jurisdiction, Defendants that are properly served New Jersey citizens cannot remove under the forum-defendant rule. So, the argument goes, because Flying W and the Chubb Defendants are New Jersey citizens that are properly served real parties in interest, they are New Jersey citizens for jurisdictional purposes. Thus, according to Gentry, Aviation cannot remove forum defendants Flying W and the Chubb Defendants. Naturally, Aviation resists that conclusion and contends that the Court should discount Flying W's and the Chubb Defendants' citizenship.

This procedural muddle made its way to the Court after Aviation moved to dismiss Gentry's Complaint. (ECF No. 3.) That filing invited the instant Motion to Remand and attendant briefing. (ECF Nos. 16, 32, 35.) Gentry's Motion to Remand, in turn, caused Ace—now properly served—to belatedly join Aviation's removal and file its own brief opposing remand. (ECF No. 39.) The matter is now ripe for resolution.

## II. LEGAL STANDARD

A defendant may remove a civil action filed to federal court if the federal court would have original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Where subject matter jurisdiction is based on diversity jurisdiction, each opposing party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

The removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer*, 913 F.2d at 111. Once the case has been removed, a district court may remand the matter to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

## III. DISCUSSION

This case presents several issues pertaining to the propriety of removal. Gentry offers up three arguments as to why removal to this Court was improper: (a) the Court lacks diversity jurisdiction, (b) forum Defendants preclude removal, and (c) all Defendants did not consent to removal. (Pl.'s Moving Br. 15-19, ECF No. 16-1.) The Court addresses each in turn.

### A. The Court Has Jurisdiction to Hear This Dispute.

Gentry first argues that the Court lacks diversity jurisdiction. Under Gentry's theory of jurisdiction, the Insurance Defendants assume the citizenship of the insured (Flying W), thereby becoming New Jersey citizens for jurisdictional purposes. Because forum defendants cannot remove to federal court, Gentry argues that the Court lacks jurisdiction. *See* 28 U.S.C.

§ 1441(b)(2). Gentry relies on an exception to the usual rules of citizenship, whereby out-of-state insurance companies are citizens of "every [s]tate and foreign state of which the insured is a citizen" for "any direct action against the insurer of a policy or contract of liability insurance . . . of which action the insured is not joined as a party-defendant." 28 U.S.C. 1332(c)(1). This theory is not without support. *See Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329, 335 (D.N.J. 2010) (exploring cases analyzing § 1332(c)(1) and direct actions).

Gentry's jurisdictional challenge requires the Court to examine the alignment of the parties and the nature of this suit. To start, Gentry must clear a procedural hurdle: direct actions do not lie where the insured is a defendant. *See* 28 U.S.C. § 1332(c)(1) (applying to actions where "the insured is not joined as a party-defendant"). But, although the Complaint names Flying W as a Defendant, federal courts must "look beyond the pleadings[] and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of N.Y.*, 314 U.S. 63, 69 (1941) (quoting *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Tr. Co.*, 197 U.S. 178, 180 (1905)). To that end, "a court must first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue." *Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 942 F.2d 862, 864 (3d Cir. 1991). The primary dispute here is whether the Insurance Defendants' policies cover the alleged tort committed by Flying W. The Insurance Defendants take the position that the policies do not cover the tort; Gentry and Flying W argue that they do. Indeed, although the Complaint names Flying W as a defendant, Flying W's strategic interests align with Gentry's—otherwise, Flying W would be arguing that its insurance policy does not cover its tort liability. The Court therefore determines that realignment of the parties is necessary to echo the parties' "attitude[s] towards the actual and substantial controversy." *City of Indianapolis*, 314 U.S. at 75 n.4 (quoting *Sutton v. English*, 246 U.S. 199, 204 (1918)).

With this realignment, Gentry and Flying W stand in opposition to the Insurance Defendants, and the insured is not a party-defendant. *See Saylab v. Hartford Mut. Ins. Co.*, 271 F. Supp. 2d 112, 116 (D.D.C. 2003) (realigning named-defendant insured as party-plaintiff).

That realignment does not fully answer the question of whether this suit is a direct action. A direct action is a "cause of action against the insurance company" in which "the liability sought to be imposed could be imposed against the insured." *Davis*, 721 F. Supp. 2d at 335 (quoting *McGlinchey v. Hartford Accident & Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989)). Two ingredients of a direct action thus emerge: (1) a suit against an insurance company (2) for liability that could have been sought from the insured. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 143 (2009) (defining direct action as "[a] lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insured" (quoting Black's Law Dictionary 491 (8th ed. 2004))). Gentry has the first ingredient but lacks the second—its action against the Insurance Defendants is for declaratory judgment only. It is not seeking compensation from the Insurance Defendants as a substitute for the insured tortfeasor Flying W. Nor can Gentry claim that it could seek the same declaratory judgment from Flying W. *See Carevel, LLC v. Aspen Am. Ins. Co.*, No. 13-7581, 2014 WL 1922826, at *3 (D.N.J. May 14, 2014) ("The direct action only lies if 'the liability sought to be imposed could be imposed against the insured.'" (quoting *Brooks-McCollum v. State Farm Ins. Co.*, 321 F. App'x 205, 208 (3d Cir. 2009))). The Court therefore concludes that this action is not a direct action as contemplated by 28 U.S.C. § 1332(c)(1). The Insurance Defendants do not assume New Jersey citizenship.

**B.     The Presence of Forum Defendants Does Not Necessitate Remand.**

Gentry next points to another alleged jurisdictional flaw: Flying W and the Chubb Defendants are New Jersey residents. Thus, according to Gentry, remand must follow to avoid another incursion of the forum-defendant rule. The Court disagrees.

As to Flying W, the Court has already realigned Flying W as a plaintiff for jurisdictional purposes, so it is not a forum defendant. Even if the Court hadn't, however, it would find that Flying W is a nominal defendant. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (citations omitted). Here, Flying W has no stake in this litigation as a defendant. It is not a necessary party to this litigation as the Complaint alleges no causes of action against it. Similarly, because the Court is not deciding the issue of tortfeasor liability here, the Court can afford complete relief without the presence of Flying W. Lest any doubt remain, Flying W avers that it is a nominal defendant in this litigation. (Joint Correspondence 5, ECF No. 52.) The Court thus has ample reason to disregard Flying W's citizenship for diversity purposes.

As to the Chubb Defendants, the Court need not reach the issue of whether the Chubb Defendants are fictitious entities because it ultimately concludes that the Chubb Defendants were improperly served. *See infra* Section III.C. Thus, even if the Chubb Defendants were New Jersey citizens, they would still properly be before the Court based on snap removal. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (noting that § 1441(b)(2) "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served").

### C.   Non-Consenting Nominal and Improperly Served Defendants Do Not Defeat Removal.

Gentry's final argument is largely mooted out by the Court's prior analysis. Gentry proffers that Aviation failed to garner the consent of Flying W and the Chubb Defendants when removing. As stated above, however, the Court will not consider Flying W for removal purposes. *See* 28 U.S.C. § 1441(b)(1), (2). Regarding the Chubb Defendants, the Court concludes that their consent was irrelevant because Gentry failed to properly serve them. Gentry attempted to serve these

entities by directing the Hunterdon County Sherriff's Department to deliver the Summons and Complaint to "Sharri Sullivan, Personal Risk Services" on June 3, 2021. (Joint Correspondence 2, ECF No. 52.) Neither the affidavit of service nor Gentry's briefing sheds additional light on who Sharri Sullivan ("Sullivan") is.

Assuming each Chubb Defendant is a domestic corporate entity as alleged in the Complaint, Gentry has not shown that she has properly served each entity. Gentry bears the burden of proof to show proper service. *See West v. Am. Honda Motor Co.*, No. 08-700, 2008 WL 4104683, at *4 (D.N.J. Aug. 28, 2008) (citation omitted). Proper service of the Chubb entities occurs in one of two ways: (1) by delivery to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B); or (2) by delivery to "any officer, director, trustee, or managing or general agent, or any person authorized by appointment or by law to receive service of process," N.J. Ct. R. 4:4-4(a)(6).[1] Critically, under either rule, "the mere acceptance 'of service by an employee . . . does not establish that the employee had authority to accept service.'" *Ceus v. N.J. Lawyers Serv., LLC*, No. 19-17073, 2021 WL 1788518, at *2 (D.N.J. May 5, 2021) (quoting *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *6 (D.N.J. Aug. 12, 2015)); *see also West*, 2008 WL 4104683, at *5 ("New Jersey courts have found that mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to do so." (citing *Jameson v. Great Atl. & Pac. Tea Co.*, 833 A.2d 626, 632 (N.J. Super. Ct. App. Div. 2003))).

---

[1] In addition, if in fact any of the Chubb Defendants are outside the United States' jurisdiction, Gentry must then generally serve that entity through "any internationally agreed means of service that is reasonably calculated to give notice" such as the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1).

Putting it all together, Gentry must convince the Court that Sullivan was authorized to accept service on behalf of the Chubb Defendants. She fails to meet that challenge. Gentry does not aver that Sullivan is an officer, director, trustee, or managing or general agent of the Chubb Defendants. Nor does she aver that Sullivan is authorized to accept service on behalf of any of the Chubb Defendants. Tellingly, in her reply brief, Gentry does not dispute that several of the Chubb Defendants are fictitious entities and that Chubb Limited was not served through the Hague Convention. (*See* Pl.'s Reply Br. 3-4, ECF No. 35.) Without proof that Sullivan was authorized to accept service, Gentry cannot meet her burden to show that service was proper on the Chubb Defendants.

**D.     The Court Reserves Judgment on Aviation's Motion to Dismiss.**

Gentry has not yet opposed Aviation's Motion to Dismiss—likely because the Court may have mooted that motion pending her Motion to Remand. Because the Court now denies Gentry's Motion to Remand, it reserves judgment on Aviation's Motion to Dismiss pending completed briefing.

**IV.     <u>CONCLUSION</u>**

The Court denies Gentry's Motion to Remand. It does so because this suit is not a direct-action suit, because Flying W is aligned with Gentry and a nominal Defendant, and because the Chubb Defendants have been improperly served. The Court further reserves judgment on Aviation's Motion to Dismiss. It will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE