UNITED STATES DISTRICT COURT DISTRICT

OF NEW JERSEY

| | |
|---|---|
| ANGELA K. GENTRY,<br><br>       Plaintiff,<br><br>  v.<br><br>CHUBB, *et al.*,<br><br>       Defendants. | Civil No. 21-13744 (MAS)<br><br>**OPINION & ORDER** |

**ARPERT, United States Magistrate Judge**

This matter comes before the Court upon Plaintiff Angela K. Gentry's ("Plaintiff") Motion to Amend her Complaint. ECF No. 65. Defendants Aviation Insurance Managers, Inc., Shannon & Luchs Insurance Agency, and ACE Property and Casualty Insurance Company (collectively "Defendants") both oppose the motion. ECF Nos. 75, 78, 79. Plaintiff has replied to each Defendant's opposition in an "Omnibus Reply in Support of her Motion to Amend." ECF No. 88. Upon consideration of the parties' briefings, and for the reasons set forth below, Plaintiff's Motion is **GRANTED**.

    I.      BACKGROUND

Plaintiff's Complaint stems from the tragic death of country-music singer Troy Lee Gentry following a helicopter crash which occurred prior to a concert at Flying W, a resort and occasional concert venue located in Medford, New Jersey. Compl. ¶¶ 14, 15, 22, ECF No. 1-1. Plaintiff "is a citizen and resident of the state of Tennessee, the Executrix of the Estate of Troy Lee Gentry, [] and his widow." *Id.* ¶ 1.

On May 4, 2021, Plaintiff filed her original Complaint in the Superior Court of New Jersey, Law Division, Somerset County. *Id*. On July 16, 2021, Plaintiff's Complaint was removed to this Court. ECF No. 1. In her original Complaint, Plaintiff named five Defendants or groups of Defendants: Ace Property and Casualty Insurance Company ("Ace"), Shannon & Luchs Insurance Agency ("Shannon & Luchs"), Aviation Insurance Managers, Inc. ("Aviation")[1], Cave Holdings-Flying W, LLC and Flying W Enterprises, Inc. (collectively "Flying W"), and Chubb, Chubb Limited, Chubb Group, Chubb North America, and Chubb Aerospace Claims (collectively "Chubb"). Compl. ¶¶ 2–6. Plaintiff seeks declaratory judgment against all Defendants except Flying W.[2] *Id.* ¶¶ 29–49. Specifically, Plaintiff seeks a declaration that Defendants owed Plaintiff various duties and obligations under an insurance contract between the band Montgomery Gentry[3] and Flying W. *Id.*

    a.    *Contract for Procurement of Insurance Policy*

Plaintiff avers that "[o]n July 6, 2017, [] Flying W entered into a contract with [the band] Montgomery Gentry [] to perform a one-night concert at [] Flying W's premises on September 8, 2017." *Id.* ¶ 15. Plaintiff maintains that the contract, in pertinent part, provided that Flying W "agree[d] to maintain a general liability insurance policy in an amount aggregating not less than five million dollars (5,000,000) per occurrence." *Id.* The policy was to "cover claims for bodily injury and property damage sustained by any person occurring on the premises of the concert facility or related public in connection with the concert." *Id.* The policy also required the venue to guarantee the safety or security of the artists and listed Montgomery Gentry "as additional

---

[1] Defendants Shannon & Luchs and Aviation will be referred to as "Defendant brokers" when discussed collectively in this Opinion.

[2] In her original Complaint, Plaintiff lists Flying W as a Defendant but does not specify any specific cause of action against it.

[3] Plaintiff's husband, Troy Lee Gentry, was a member of the band Montgomery Gentry.

insured parties for the full period of [] engagement, including all rehearsal and post production periods." *Id.* ¶ 15–16.

In light of this agreement between Montgomery Gentry and Flying W, Plaintiff alleges "Flying W, through independent agents/brokers [] Shannon & Luchs and/or Aviation [] procured a policy of insurance through [] Ace for the policy period of September 8, 2017 to September 9, 2017 with a coverage limit of $3 million per each occurrence." *Id.* ¶ 18. Plaintiff avers that the policy procured did not comport with "the contractual agreement entered into by [] Flying W." *Id.* ¶ 19.[4]

      b.  *The Accident and Subsequent Claim*

Plaintiff alleges that on September 8, 2017, "the decedent Troy Gentry, while on the premises of [] Flying W" was induced by a Flying W employee/agent to leave "the protective premises and was taken to a non-protective area of the premises where flight activities were being conducted." *Id.* ¶ 20. It was there, Plaintiff alleges, that decedent Troy Gentry was induced to board a helicopter "owned and operated by one of [] Flying W's tenants" and was "[t]ragically . . . killed when the helicopter crashed." *Id.* ¶¶ 21–22.

After the crash, Plaintiff maintains, Flying W "made a claim to [Chubb] as required by the policy issued by [] Ace, the insuring company, who was designated by the subject policy as the entity to administer [] Flying W's claims only." *Id.* ¶ 23. Plaintiff then avers that Chubb,

---

[4] While Plaintiff does not expressly elaborate in her original Complaint how the policy procured did not comport with the contractual agreement, the Court can infer from the pleadings that Plaintiff alleges the policy procured did not comport with the contractual agreement where, for example, the agreement called for an insurance policy with a coverage limit of $5,000,000 per occurrence but where the policy procured contained a coverage limit of only $3,000,000 per occurrence. Additionally, Exhibit B to the Complaint contains a denial of coverage written by Chubb that suggests coverage was denied in part because the policy procured did not cover September 8, 2017 at 2 PM, the time of Troy Gentry's accident. ECF No. 1-3. This fact coupled with Plaintiff's allegation that the contractual agreement called for a policy of insurance covering September 8, 2017 to September 9, 2017 again appears intended to support Plaintiff's allegation that the policy procured did not comport with the contractual agreement entered into by Flying W. Compl. ¶ 18.

"without express authorization by [] Ace that [Chubb] was [] Ace's authorized representative proceeded to deny coverage under the insurance policy issued by [] Ace." *Id.* ¶ 25.[5] Plaintiff maintains that the "subject policy . . . issued by [] Ace specifically provides that Plaintiff Angela Gentry may bring suit on the subject policy as all [] its terms have been fully complied with." *Id.* ¶¶ 26, 28.

    c. *Motions to Dismiss and Motion to Amend*

On July 23, 2021, Aviation moved to dismiss Plaintiff's original Complaint. ECF No. 3. On August 27, 2021, Ace moved to dismiss Plaintiff's original Complaint. ECF No. 30. Finally, on April 26, 2022, Shannon & Luchs moved to dismiss Plaintiff's original Complaint. ECF No. 60.

Shortly thereafter, on June 6, 2022, Plaintiff moved to amend her original Complaint to address several of the arguments in Defendants' various motions to dismiss. ECF No. 65. Specifically, in Plaintiff's proposed Amended Complaint she seeks to add allegations or language such as "Plaintiff and her decedent are the actual and/or intended beneficiaries of the insurance policy issued by [Ace and Chubb]" and "[a]t all times relevant [Chubb] acted as an agent for [Ace]." ECF No. 65-5. Plaintiff also seeks to add a breach of contract claim against Flying W, among other small changes.[6] *Id.*

Defendants Ace, Shannon & Luchs, and Aviation oppose the proposed amendments for the reasons outlined below.

---

[5] Plaintiff notes that "Flying W contested the denial of coverage by [Chubb]" but to date Chubb has "failed to respond to [] Flying W's contest. Compl. ¶¶ 26–27.

[6] For example, Plaintiff seeks to add the allegation "the decedent Troy Gentry [was] one of the two members of Montgomery Gentry and co-owner of It's All About Attitude, LLC, the performing entity for whom insurance coverage was to be provided." ECF No. 65-5. Plaintiff also seeks to add the language "[the] contract which existed between [Flying W] and the brokers [Shannon & Luchs and Aviation], who acted as agents for [Ace and Chubb]" to supplement a previous allegation. *Id.*

## II. PARTIES' ARGUMENTS

### a. *Plaintiff's Argument*

In her Motion to Amend, Plaintiff argues that leave to amend is warranted under Rule[7] 15(a)(2) because her amendments "cure the defects alleged by [Defendants'] motions to dismiss." Pl.'s Mot. 5, ECF No. 65-1. Specifically, Plaintiff argues leave is warranted because it "cures the suggestion that Plaintiff's benefit was not contemplated by the parties," clarifies "the contractual relationship between the broker and the insured," and "adds a count concerning the breach of contract which occurred when the insurance brokers failed to procure insurance to cover Plaintiff's loss." *Id*. Ultimately, Plaintiff submits, her "amendments are necessary and will work to narrow the issues raised in the motions to dismiss." *Id.*

### b. *Defendants' Opposition*

#### i. Shannon & Luchs' Opposition

Shannon & Luchs argues that Plaintiff's proposed amendments would be futile. Shannon & Luchs Opp'n 5–10, ECF No. 75. First, Shannon & Luchs argues that Plaintiff's Amended Complaint is futile because Shannon & Luchs "and Flying W did not have a contract." *Id.* at 5. In furthering this argument, Shannon & Luchs maintains "Plaintiff neither alleges any facts that support her contention that Flying W and [Shannon & Luchs] entered into a contract for her benefit nor attaches the copy of the actual contract to her Amended Complaint." *Id.* Shannon & Luchs appears to further argue that even if there was a contract between Shannon & Luchs and Flying W, Plaintiff was not an intended third-party beneficiary of that contract. *Id.* 5–6.

Second, Shannon & Luchs argues, "[a]llowing Plaintiff leave to amend her negligence claim would also be futile because [Shannon & Luchs] did not owe any duty to Plaintiff." *Id.* at

---

[7] All references to "Rule" hereinafter refer to the Federal Rule of Civil Procedure.

7. Shannon & Luchs argues this is because Shannon & Luchs "had no contractual agreement" with Flying W, so therefore, Plaintiff could not have been a third-party beneficiary of a contract between Flying W and Shannon & Luchs. *Id.*

Finally, Shannon & Luchs argues that "[e]ven if the Court finds that Plaintiff has sufficiently alleged that [Shannon & Luchs] owed [Plaintiff] and her husband a duty, [Shannon & Luchs] adequately discharged that duty" where Shannon & Luchs procured a policy for Flying W in accordance with the agreement between Flying W and Plaintiff. *Id.* at 10.

ii. Aviation's Opposition

Aviation argues that "[P]laintiff's motion for leave to amend [her] complaint should be denied because [P]laintiff's proposed amendments do not correct the deficiencies in the original Complaint [and] [P]laintiff fails to state a claim upon which relief may be granted." Aviation Opp'n 3, ECF No. 78.

Aviation first argues that "Plaintiff's proposed amendments do not meet the standard for a breach of contract cause of action with respect to a contract to which Aviation was allegedly a party." *Id.* at 6. As such, Aviation maintains, Plaintiff cannot maintain her allegation that Plaintiff was a third-party beneficiary to such contract. *Id.* Aviation also argues that "[t]he proposed [A]mended [C]omplaint does not state when Aviation entered into a contract, does not assert if such a contract was verbal or written, does not attach such a contract, and does not sufficiently describe the contents of the alleged contract," and therefore, Plaintiff's Amended Complaint is conclusory and subject to dismissal at this stage. *Id.* at 7.

Second, Aviation argues that "like the initial [C]omplaint, the [A]mended [C]omplaint does not set forth an actionable claim of negligence." *Id.* Like Shannon & Luchs, Aviation argues that "the proposed [A]mended [C]omplaint is devoid of any specific allegations from

which the Court could ascribe a duty of Aviation to [P]laintiff." *Id.* at 6. Aviation continues and argues that any allegations in Plaintiff's proposed Amended Complaint alleging breach of contract and negligence are conclusory, as is Plaintiff's allegation that Plaintiff was a third-party beneficiary to any agreement entered into by Aviation. *Id.* at 6–7.

      Third, Aviation maintains, "[P]laintiff does not and cannot allege damages flowing from any breach of contract" as there "is no alleged underlying judgment." *Id.* Aviation argues that "Courts have dismissed similar allegations against brokers by injured plaintiffs when there is no judgment in the underlying litigation alleged in the complaint against the broker." *Id.* at 8. Here, Aviation agues, "the Court should deny [P]laintiff's motion for leave to file an [A]mended [C]omplaint as against Aviation (without prejudice, at the [C]ourt's discretion), while awaiting the outcome of the underlying personal injury action against the purported insureds." *Id.* at 9. In the alternative, Aviation argues, "should [P]laintiff's motion be granted, the claims against Aviation should be severed and stayed pending the determination as to whether [P]laintiff's claims are covered under the insurance policy at issue pursuant to Fed. R. Civ. P. 21." *Id.* at 10.

                iii.   Ace's Opposition

     Ace also argues that Plaintiff's motion to amend is futile. Ace focuses on a general rule in New Jersey that "an injured third party may not maintain a 'direct action' against the tortfeasor's insurer until damages have first been fixed by a final judgment or settlement." Ace Opp'n 9, ECF No. 80. Ace concludes from this general rule that Plaintiff's proposed Amended Complaint is futile because "Plaintiff may not maintain a 'direct action' against [Ace] as damages have not been fixed by a final judgment entered against [Ace]'s insureds, [] Flying W." *Id.* Ace concludes by arguing "the allegations in the proposed [A]mended [C]omplaint do not cure the defects at

issue in the motions to dismiss as Plaintiff has not asserted any negligence claims against []

Flying W [] to establish their negligence and/or quantum of damages." *Id.* at 10–11.

   c. *Plaintiff's Reply*

In reply to Defendants' various arguments, Plaintiff maintains that her amendment is "far from futile" and instead "will cure the challenges raised to the sufficiency of the pleading, clarify the facts and the beneficiary status of Mr. Gentry and his widow, and most importantly streamline this Court's analysis and consideration of the motions to dismiss." Pl.'s Reply 2, ECF No. 88.

First, Plaintiff argues that her "proposed Amended Complaint presents a viable claim against the insurance brokers" Aviation and Shannon & Luchs. *Id.* Specifically, Plaintiff argues that the inclusion of a "count for breach of contract with respect to the Flying W and the other [D]efendants, to which [Plaintiff] was a beneficiary" sufficiently pleads a breach of contract claim capable of surviving a motion to dismiss. *Id.*

Second, Plaintiff argues that Aviation and Shannon & Luchs, despite their arguments to the contrary, "had a [contractual] duty which extends to Plaintiff." *Id.* at 3. Plaintiff focuses on a New Jersey Appellate Division case, *Werrmann*, arguing that the case recognized "an insurance broker owes a duty to his principal to exercise diligence in obtaining coverage in the area his principal seeks to be protected." *Id.* (citing *Werrmann v. Atatusa, Ltd.*, 266 N.J. Super. 471, 474 (N.J. Super. 1993)). Plaintiff argues that *Werrmann* goes even further and recognizes "that a plaintiff has a claim as [a] third-party beneficiary of the agreement between the insured and the broker" and that "it is not necessary that an intended beneficiary be identified when the contract

containing the promise is made."[8] *Id*. at 3–4. Plaintiff concludes by arguing that "while the contract for Montgomery Gentry's appearance specifically required that it benefit [Mr. Gentry], it would be against public policy not to extend that duty to procure adequate or applicable coverage to the general public, to include Plaintiff." *Id.*

Third, Plaintiff defends against Ace's argument that Plaintiff is maintaining an improper direct action against Ace. *Id.* Specifically, Plaintiff argues that "New Jersey cases permit a complaint to include a declaratory judgment action against the insurer and/or the insured's broker or to institute a separate declaratory judgment action against the insurer by also joining the insured as a party which is not then a direct action against the insurer only." *Id.* at 5. Plaintiff cites several cases supporting this assertion and maintains that courts favor the joining of two claims in one action. *Id.* at 5–6. Plaintiff concludes by arguing that based upon this case law, these "claims are properly brought against [Ace]." *Id.* at 6.

Finally, Plaintiff addresses Aviation's argument that this matter should be stayed pending a coverage determination. *Id.* at 7. Plaintiff states that she "does agree that if the [Ace] policy applies to Plaintiff, then there is no breach by Aviation or Shannon & Luchs in procuring that policy." *Id.* Plaintiff, however, then argues that she is "unaware of any coverage determination or declaratory judgment action filed by the Flying W" that would warrant the Court staying proceedings until an outcome on liability is reached. *Id.* For this reason, Plaintiff concludes, a stay would be inappropriate and highly prejudicial. *Id.*

### III.   LEGAL STANDARD & ANALYSIS

---

[8] Plaintiff also quotes the *Werrmann* Court as saying "because of the importance of liability insurance, whether it be mandatory or optional, members of the general public are third-party beneficiaries of an agreement between a business proprietor and its insurance broker to procure coverage." Pl.'s Reply at 4.

In general, a party may amend its pleading "once as a matter of course within [either] 21 days after serving it" or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15 (a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When assessing whether to grant leave to amend under Rule 15(a)(2), a "court should freely give leave when justice so requires." *Id.* In the Third Circuit, under Rule 15 (a)(2), leave to amend is typically granted unless "undue delay, bad faith, dilatory motive, prejudice [or] futility" justifies denial. *Spartan Concrete Prods., LLC v. Argos USVI Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

"An amendment is futile if it could not withstand a motion to dismiss, such as on the basis of legal insufficiency or the statute of limitations." *Butterline v. Bank of N.Y. Mellon Trust Co., Nat'l Assoc.*, 841 F. App'x 461, 463–64 (3d Cir. 2020); *see also Marra v. Twp. of Harrison*, 913 F. Supp. 2d 100, 104–05 (D. N.J. 2012). Importantly, however, futility arguments differ from 12(b)(6) dismissal arguments in that when considering futility, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Rosenzweig v. Transword Sys., Inc.*, Civ. No. 16-227, 2016 WL 5106995, at *2 (D.N.J. Sept. 20, 2016) (articulating that this is because motions to amend are considered under a "liberal standard"). Specifically, if an opponent cannot show that a "proposed amendment is [] *clearly* futile, then denial of leave to amend is improper. *Id.* (citing *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990); *see also Leach v. Applicant Insight Inc.*, Civ. No. 20-1533, 2021 WL 236492, at *2 (D.N.J. Jan. 25, 2021) ("A futility-based opposition to a motion to amend is a limited inquiry. Unless a claim is facially and patently futile, the Court's obligation is to allow the claim to be filed, at which time it can be challenged under the full weight of Rule

12(b)(6) or summary judgment."); *Vitaworks IP, LLC v. Qianjiang Yongan Pharm. Co., Ltd.*, Civ. No. 17-6849, 2018 WL 10152229, at *1 (D.N.J. Nov. 5, 2018) (describing a futility analysis as "tracking Rule 12(b)(6)" but clarifying that "Rule 15 futility does not contemplate substantive motion practice on the merits of the claims").

Here, Defendants have failed to clearly establish the futility of Plaintiff's claims.

    a. *Defendants' Futility Arguments Regarding Plaintiff's Contract Claims*

First, both Shannon & Luchs and Aviation argue Plaintiff's Amended Complaint is futile because Plaintiff failed to adequately plead the existence of a contract between Flying W and either Shannon & Luchs or Aviation to procure insurance for Montgomery Gentry.[9]

This argument falls short of showing the Court that Plaintiff's claims are "facially and patently futile" under the Motion to Amend standard described above. This is because Defendants fail to clearly articulate a non-rebuttable futility challenge to Plaintiff's breach of contract claims.[10] If anything, Defendants succeeded only in showing the Court that the

---

[9] Shannon & Luchs and Aviation also appear to argue that even if there was a contract between either of them and Flying W, Plaintiff is not a third-party beneficiary of that contract. Shannon & Luchs Opp'n at 5–6; Aviation Opp'n at 3. Plaintiff counters by arguing that because Montgomery Gentry entered a contract with Flying W, which required Flying W to obtain an insurance policy for the benefit of Montgomery Gentry, Plaintiff was an intended beneficiary of any contract between Flying W and the Defendant brokers. Pl.'s Reply at 2; *see also Werrmann* 266 N.J. Super. at 473–474. Ultimately, Defendants' argument that Plaintiff is not an intended third-party beneficiary of any contract between Flying W and Defendant brokers fails because Defendants did not provide law or arguments that clearly show Plaintiff is not an intended third-party beneficiary. Instead, Defendants only showed that they disagree with Plaintiff's interpretation of case law leading her to believe she may qualify as a third-party beneficiary. Such disagreement is better suited for disposition at the motion to dismiss stage.

[10] Defendants have not convinced the Court that Plaintiff's breach of contract claims are clearly futile because the Court may be able to construe Plaintiff's Amended Complaint in such a manner that its futility is not facially apparent. First, Plaintiff pled in her Amended Complaint that Montgomery Gentry and Flying W entered a contract wherein Flying W was required to purchases an insurance policy. Am. Compl. ¶ 15. In light of this, Plaintiff then pleads, "Defendant Flying W, through independent agents/brokers Defendants Shannon & Luchs and/or Aviation Insurance procured a policy of insurance through Defendant ACE for the policy period of September 8, 2017 to September 9, 2017 at 12:01 a.m. Standard Time with a coverage limit of $3 million per occurrence." *Id.* ¶ 18. Plaintiff seeks to add in her Amended Complaint that this insurance policy was acquired for the benefit of Montgomery Gentry. *Id* ¶ 20. Significantly, Plaintiff attaches to her Amended Complaint Chubb's denial of coverage issued to Flying W under the Ace policy which in part denies coverage because "[t]he crash reportedly occurred at approximately 2pm" on September 8, 2017 which Chubb concluded was "prior to the scheduled 1-day event that this policy is intended to cover." Ex. B. to Am. Compl. *51, ECF No. 65-5. It is reasonable to infer,

contractual interrelationships between the various parties in this case are complicated and difficult to assess. This confusion *may*, under the more robust analysis of a 12(b)(6) decision, prove detrimental to Plaintiff's Amended Complaint, but under the liberal Rule 15 (a)(2) standard, it is not appropriate for the Court to deny Plaintiff leave to file an Amended Complaint based on the possibility of futility. Absent further guidance from Defendants as to why Plaintiff's contract claims are clearly futile, Defendant's arguments are unpersuasive and do not establish futility.

      b. *Parties' Arguments Regarding Negligence Claims*

Second, Shannon & Luchs, Aviation, and Ace all challenge the sufficiency of Plaintiff's various negligence allegations. Shannon & Luchs and Aviation argue that Plaintiff failed to establish any duty Defendant brokers owed Plaintiff, and Ace argues Plaintiff failed to assert negligence claims against Flying W and thus any direct action against Ace is unsustainable.

Defendant brokers' argument that Plaintiff failed to establish any duty owed by Shannon & Luchs or Aviation appears to rest primarily on two arguments: 1) that no contract existed between Defendant brokers and Flying W, and (2) that *Werrmann*, a New Jersey Appellate Division case, does not apply to the instant case. For the reasons articulated in the previous section of this Opinion, Defendant brokers' argument that no contract existed between Defendant brokers and Flying W cannot serve as a basis for a futility finding. Moreover, the disagreement between Plaintiff and Defendant brokers over the meaning of *Werrmann* establishes in-and-of-

---

therefore, from the combination of these allegations, that Plaintiff is pleading that either Aviation or Shannon & Luchs failed to procure an insurance policy, as directed by Flying W, for the proper time-period, which led to the denial of coverage by Chubb to which Plaintiff believes she is entitled as a third-party beneficiary. Most of these allegations were not addressed by Defendants, and Defendants certainly did not parse out the different contractual relationships in such a manner that the Court could feel comfortable finding futility. Moreover, Defendants failed to adequately articulate for the Court in case law or in argument why Plaintiff's failure to attach or granularly describe a contract between Flying W and either Defendant broker mandates a finding of clear futility.

itself that Plaintiff's negligence claim against Defendant brokers is not clearly futile because there appears to be a reasonable difference of opinion as to whether insurance brokers owe duties to the public in the insurance brokerage context.[11] As such, Defendant brokers failed to show the Court that Plaintiff's negligence allegations against them are clearly futile.

Second, Ace's argument that Plaintiff has not pled any negligence claims against Flying W, and thus, Plaintiff cannot maintain a "direct action" against Ace fails at this stage for two reasons: (1) it is not clear that Plaintiff maintains a direct action against Ace and (2) Ace failed to show that Plaintiff failed to plead a negligence claim against Flying W.[12] Accordingly, Ace too has failed to show clear futility of Plaintiff's negligence claims.

  c. *Other Arguments Raised by Defendants*

Finally, Aviation appears to argue that Plaintiff's Motion to Amend is futile because there is no negligence judgment against Flying W, and as such, Plaintiff "cannot allege damages flowing from any contract." Aviation Opp'n at 6–7. Ultimately, Aviation asks the Court to consider a dismissal without prejudice until such time as "the underlying personal injury action against the purported insureds" is resolved. *Id.*[13] Even if the Court was aware of what

---

[11] Nuanced arguments over the meaning of New Jersey state law that may affect the disposition of this case should be considered under a Rule 12(b)(6) standard. *See Vitaworks IP, LLC v. Qianjiang Yongan Pharmaceutical Co., Ltd.*, 2018 WL 10152229 at *1 (clarifying that "Rule 15 futility does not contemplate substantive motion practice on the merits of the claims").

[12] Ace appears to interpret Plaintiff's lawsuit as Plaintiff stepping into the shoes of Flying W and asserting the rights of Flying W. It is possible, however, to construe Plaintiff's Complaint as a third-party beneficiary to the contract between Flying W and Ace seeking a declaration from the Court. While Plaintiff's Amended Complaint is indelicate in articulating this latter position, Plaintiff does seek "Declaratory Judgment" against Ace, as opposed to damages, and Plaintiff does allege some potentially negligent behavior by Flying W. *See* Am. Compl. ¶¶ 20–22. Taken together, it is at least plausible that Plaintiff may be seeking to have the Court declare that Plaintiff is an intended third-party beneficiary of the contract between Ace and Flying W, and that Plaintiff is entitled to collect on the policy because Flying W was negligent.

[13] Aviation also asks the Court to consider severing and staying this action with respect to Aviation, again, awaiting a judgment on liability.

"underlying personal injury action" Aviation is referring to, Aviation's argument is not appropriate to consider in the futility context. This is because deciding whether Plaintiff's claim against Aviation should be stayed, severed, or otherwise delayed does not affect the Court's judgment on whether to allow Plaintiff's Amended Complaint to proceed. Should Aviation wish to pursue its arguments regarding separate resolution of Plaintiff's claims against it, it should separately write the Court for such consideration.

## IV.     CONCLUSION

For the reasons outlined above, Defendants have failed to show that Plaintiff's Amended Complaint is clearly futile. Additionally, Defendants advanced no other argument capable of overcoming the liberal standard afforded Plaintiff on a Motion to Amend. As such,

**IT IS** on this 6th day of October 2022,

**ORDERED** that Plaintiff's Motion to Amend her Complaint (ECF No. 65) is **GRANTED**; and it is further

**ORDERED** that Plaintiff must filed her Amended Complaint within 7 days of this Order; and it is further

**ORDERED** that this Order terminates ECF No. 65.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**