**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANGELA K. GENTRY, *individually and as executrix of the Estate of Troy Lee Gentry*,

          Plaintiff,

v.

CHUBB *et al.*,

          Defendants.

Civil Action No. 21-13744 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendants Shannon & Luchs Insurance Agency ("S&L"), Aviation Insurance Managers, Inc. ("AIM"), and Cave Holdings-Flying W, LLC, Flying W Enterprises, Inc.'s ("Flying W") (collectively, "Defendants") Motions to Dismiss Plaintiff Angela Gentry's ("Plaintiff") Amended Complaint. (ECF Nos. 103, 117, 118.) Plaintiff opposed all three Motions (ECF Nos. 116, 121, 122), and Defendants separately replied (ECF Nos. 119, 123, 124). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendants' Motions to Dismiss.

aggregating not less than five million dollars (5,000,000) per occurrence." (*Id.* ¶ 15.) Plaintiff further alleges that Flying W, through independent agents/brokers S&L and/or AIM, obtained a policy of insurance from ACE Property and Casualty Insurance Company ("ACE")—another defendant in this case—with a coverage limit of three-million dollars per occurrence (the "ACE Policy," Ex. D, Am. Compl.). (*Id.* ¶¶ 3, 18.) Indeed, Plaintiff alleges that there arose a separate contract between Flying W, S&L, and AIM to procure such insurance. (*Id.* ¶ 54.) Ultimately, Plaintiff alleges that Flying W breached this contract for which she and her decedent were the actual and/or intended beneficiaries when CHUBB, CHUBB Limited, CHUBB Group, CHUBB North America and CHUBB Aerospace Claims (collectively, "CHUBB")—other defendants in this case which Plaintiff alleges acted as an agent for ACE—allegedly denied policy coverage for Plaintiff's claim. (*Id.* ¶¶ 2, 25, 55-59.) Moreover, Plaintiff maintains that S&L and/or AIM are liable to her as a third-party beneficiary because they failed to procure adequate insurance coverage. (*Id.* ¶¶ 51-52.)

The Amended Complaint asserts the following causes of action: declaratory judgment against CHUBB (Count I); declaratory judgment against ACE (Count II); declaratory judgment against CHUBB and ACE (Count III); declaratory judgment against S&L and/or AIM (Count IV); and a breach of contract against Flying W (Count V). (*Id.* ¶¶ 9-18.)

Now before the Court are S&L and AIM's Motions to Dismiss Count IV and Flying W's Motion to Dismiss Count V under Federal Rules of Civil Procedure 12(b)(6) and 8(a).[3] (ECF Nos. 103, 117, 118.) The Motions are ripe for resolution.

---

[3] Hereafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), *as amended* (June 6, 2011). "First, the [C]ourt must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. DISCUSSION

Defendants move to dismiss Counts IV and V. The Court discusses each of these Counts in turn.

### A. Count IV

In Count IV, Plaintiff requests a declaration from the Court "that the policy of insurance obtained from . . . ACE did afford the requested coverage by . . . Flying W." (Am. Compl. ¶ 52.) Alternatively, Plaintiff seeks a finding that S&L and/or AIM are "liable for breach of contract and actionable negligence" in failing to procure an adequate policy as agents/brokers. (*Id.*) S&L and AIM move to dismiss Count IV on several grounds, including, and primarily, on the basis that Plaintiff does not adequately allege that she is a third-party beneficiary to any agreement entered into by AIM or S&L, and that Plaintiff fails to state a claim for breach of contract or negligence. (*See* AIM's Moving Br. 7-19, ECF No. 117-7; S&L's Moving Br. 7-17, ECF No. 103-1.)[4] Indeed, S&L and AIM deny the existence of any contract between either entity and Flying W and, instead, contend that they acted as brokers on behalf of ACE. (*See* S&L's Moving Br. 5; AIM's Moving Br. 8-9.)

The Court finds that Plaintiff cannot be considered a third-party beneficiary of any alleged agreement between Flying W and S&L and/or AIM. In order to determine if a party is a third-party beneficiary with a right to enforce the terms of a contract to which it was not a party, the test is "whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts." *Rieder Cmtys., Inc. v. Township of N. Brunswick*, 227 N.J. Super. 214,

---

[4] Because S&L and AIM's Motions to Dismiss mirror each other, the Court considers the arguments raised in these Motions together. (*Compare, generally*, S&L's Moving Br. *with* AIM's Moving Br.)

222 (App. Div. 1988) (internal quotation and citation omitted).[5] In *Plastic Surgery Center, P.A. v. Cigna Health and Life Insurance Company*, the court clarified that "third-party beneficiary status is dependent upon an examination of the disputed contract's terms and provisions." 2019 WL 1916205, at *8 (D.N.J. Apr. 30, 2019). Where the plaintiff "has neither provided a copy" nor "reference[d] a single provision from [the disputed] contract," the plaintiff has not sufficiently alleged, "nor can the Court ascertain," whether the plaintiff is a beneficiary at all. *Id.* (dismissing the plaintiff's count premised on third-party beneficiary status); *see also Kaminski v. Township of Toms River*, No. 10-2883, 2011 WL 1432185, at *8 (D.N.J. Apr. 14, 2011) (finding that, because the plaintiffs did not dispute that they were not signatories to the contract at issue, they were required to demonstrate third-party beneficiary status in order to have standing to bring a breach of contract claim).

Similarly, here, Plaintiff agrees that she was not a party to any contract at issue. Instead, Plaintiff contends that she was the actual and/or intended third-party beneficiary of the ACE Policy and of a contract between AIM, S&L, and Flying W for its procurance. (*See* Pl.'s S&L Opp'n Br. 11-12; Am. Compl. ¶¶ 29-31, 50-52.) Yet Plaintiff's assertions amount to mere conclusory statements. While Plaintiff appends the ACE Policy to the Amended Complaint, she does not attach any alleged contract for its procurance between AIM, S&L, and Flying W, nor does she cite to any provisions of such a contract. (*See generally* Am. Compl.) Plaintiff only asserts that "Plaintiff and her decedent are the actual and/or intended beneficiaries of the contract which

---

[5] All parties appear to agree that New Jersey law governs third-party beneficiary law. (*See* Pl.'s S&L Opp'n Br. 12, ECF No. 116; Pl.'s AIM Opp'n Br. 14, ECF No. 122; AIM's Moving Br. 7 n.1; S&L's Moving Br. 7 n.1.) As such, the Court makes a "threshold" determination that New Jersey law applies to this issue. *See Rapid Models & Prototypes, Inc. v. Innovated Sols.*, 71 F. Supp. 3d 492, 499 (D.N.J. 2014) (further explaining that "'it can be inappropriate or impossible for a court to conduct [a choice of law] analysis at the motion to dismiss stage when little or no discovery has taken place.'" (citations omitted)).

existed between . . . Cave Holdings and the brokers [S&L] and [AIM], who acted as agents for defendants ACE and CHUBB." (*Id.* ¶ 30.) In responding to S&L and AIM's Motions to Dismiss, Plaintiff simply points to her own conclusory allegations in the Amended Complaint as evidence that she was a third-party beneficiary. (*See* Pl.'s S&L Opp'n Br. 11-12; Am. Compl. ¶¶ 29-31, 50-52.); *see also Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 325 (D.N.J. 1999) (explaining that "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness"). Like the court in *Plastic Surgery*, this Court is thus unable to discern whether or not Plaintiff has a claim under any contract. *See* 2019 WL 1916205, at *8.

The heart of Plaintiff's opposition focuses on the New Jersey Appellate Division's holding in *Werrmann v. Aratusa, Ltd.*, 266 N.J. Super. 471 (App. Div. 1993). (*See, e.g.*, Pl.'s AIM Opp'n Br. 22.) There, the court held that an injured party had a valid claim as a third-party beneficiary of a contractual agreement between an insured and an insured's agent because members of the general public are deemed intended beneficiaries of such a contract. *Id.* at 475-76. Yet this Court already distinguished *Werrmann* in a matter similar to this one. In *Kurtanidze v. StarNet Insurance Co.*, the plaintiff sought a declaratory judgment arising out of an insurance dispute for coverage stemming from an underlying automobile accident. No. 14-851, 2014 WL 5800401, at *1 (D.N.J. Nov. 7, 2014). In that case, the plaintiff asserted causes of action against the insurer and the claim administrator, claiming that, pursuant to *Werrmann*, he was a third-party beneficiary to the agreement between the insurer and the claim administrator. *Id.* at *1-2. In rejecting the plaintiff's argument, this Court explained that *Werrmann* was limited to claims "arising from a breach of a contractual duty to the insured to procure or maintain insurance coverage." 2014 WL 5800401, at *3 (quoting *Porowski v. Rehm*, No. 4039-07T3, 2008 WL 5273086, at *4 (App. Div. Dec. 22, 2008)). As such, the Court dismissed the plaintiff's complaint because the plaintiff failed to plead

7

that it was a third-party beneficiary of an agreement between the insured and the insured's agent. *Id.* The *Kurtanidze* court explained: "Plaintiff's claim is grounded in a duty created by either (1) a contract between the insured and the insurer, or (2) a contract between the insurer and the insurer's agent. No such legally actionable duty exists." 2014 WL 5800401, at *3 (further explaining that as such, plaintiff did not plead the existence of any cognizable claim against the insurer's agent).

Here, as mentioned, Plaintiff's allegations against AIM and S&L derive from (1) the ACE Policy, which was between the alleged insured (Flying W) and the alleged insurer(s) (ACE and/or CHUBB) (*see generally* ACE Policy); and (2) an alleged contract between the alleged insured (Flying W) and alleged agents (S&L and AIM) of the *insurer*. (*See* Am. Compl. ¶ 30 (alleging AIM and S&L acted as agents for ACE and CHUBB in procuring the ACE Policy), ¶ 54 (further alleging AIM & S&L were agents for ACE and CHUBB).)[6] Under either theory, then, Plaintiff cannot demonstrate standing as a third-party beneficiary. *See Construcciones Haus Soceidad v. Kennedy Funding, Inc.*, No. 07-0392, 2008 WL 1882857, at *3 (D.N.J. Apr. 24, 2008) (dismissing plaintiffs' third-party beneficiary claims at the pleading stage because the complaint was "devoid of any allegations that would indicate that . . . [plaintiffs] were intended [third] beneficiaries" of the contract).

Turning briefly to Plaintiff's breach of contract claim, the Court finds that it must fail for the same reasons. In general, to state a claim for breach of contract, Plaintiff must, at the very least, adequately allege the existence of a contract between the parties. *See, e.g., Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (outlining the elements of a breach of contract claim). For the reasons set forth above regarding Plaintiff's "threadbare" allegation that a contract existed

---

[6] At one point, Plaintiff does briefly and confusingly allege that S&L and AIM were "Flying W's insurance agents/brokers," but is unclear in what capacity they allegedly acted as such. (*See* Am. Compl. ¶ 52.)

between Flying W, S&L, and AIM, the Court finds that Plaintiff cannot maintain her breach of contract claim. *See Iqbal*, 556 U.S. at 678.

Plaintiff's negligence claim fares no better. In order to establish a cause of action founded upon negligence, a plaintiff must adequately allege a breach of a duty of care that causes injury. *See Weinberg v. Dinger*, 106 N.J. 469, 484 (1987).[7] "A duty is an obligation imposed by law requiring one party 'to conform to a particular standard of conduct toward another.'" *Acuna v. Turkish*, 192 N.J. 399, 413 (2007) (quoting Prosser & Keeton on Torts: Lawyer's Edition § 53, 356 (W. Page Keeton ed., 5th ed. 1984)). Whether a duty exists is generally for the court to decide. *Port Auth. of N.Y. & N.J. v. Arcadian Corp.*, 991 F. Supp. 390, 399 (D.N.J. 1997). "Duty arises out of a relation between 'particular parties that in right reason and essential justice enjoins the protection of the one by the other against what the law by common consent deems an unreasonable risk of harm, such as is reasonably foreseeable.'" *Rieder Cmtys.*, 227 N.J. Super. at 226 (citing *Wytupeck v. Camden*, 25 N.J. 450, 461 (1957)). If the Court determines no duty exists, "dismissal for failure to state a claim is proper." *Port Auth. of N.Y. & N.J.*, 991 F. Supp. at 399.

Here, Plaintiff fails to sufficiently allege that AIM and S&L owed her any duty. Plaintiff appears to seek liability on the theory that the ACE Policy that AIM and S&L assisted in procuring was materially deficient. (*See* Am. Compl. ¶ 51.) Plaintiff once more cites to *Werrmann* for her contention that S&L and AIM owed her a duty. (Pl.'s AIM Opp'n Br. 19); 266 N.J. Super. at 471. Specifically, Plaintiff cites language the *Werrmann* court used in explaining that "an insurance broker owes a duty to his principal to exercise diligence in obtaining coverage in the area his principal seeks to be protected." (*See, e.g.*, Pl.'s AIM Opp'n Br. 19); *Werrmann*, 266 N.J. Super.

---

[7] The parties again all cite to New Jersey law regarding Plaintiff's negligence claim. (*See* Pl.'s AIM Opp'n Br. 19; AIM's Moving Br. 14-15; S&L's Moving Br. 14-15.) The Court, accordingly, applies New Jersey law.

9

at 474. But again, the Amended Complaint alleges that S&L and ACE were acting as agents for principals ACE and/or CHUBB, and Plaintiff does not allege sufficient facts to support her allegation that any agreement existed between Flying W, S&L, and AIM from which a duty arose. (*See* Am. Compl. ¶ 30.) As described above, *Kurtanidze* establishes that AIM and S&L owe no legal duty to Plaintiff. *See* 2014 WL 5800401, at *3. Because Plaintiff has failed to allege sufficient facts that S&L and AIM owed her a duty, she cannot maintain her claim of negligence.

In sum, the Court dismisses Count IV for failure to state a claim. *See* Fed. R. Civ. P. (12)(b)(6).[8]

### B. Count V

In Count V, as in Count IV, Plaintiff "requests that the Court declare that the policy of insurance obtained from . . . ACE did afford the requested coverage by . . . Flying W." (Am. Compl. ¶ 59.) Alternatively, Plaintiff asks the Court to find Flying W liable for breach of contract and negligence. (*Id.*)

When moving to dismiss Count V, Flying W does not contest that Plaintiff is an intended third-party beneficiary of the Contract. (*See generally* Flying W's Moving Br., ECF No. 118.) Instead, Flying W contends that (1) Flying W procured the insurance coverage allegedly required by the Contract, and (2) Plaintiff's breach of contract claim against Flying W is moot because any damages would be duplicative of judgment in another lawsuit filed by Plaintiff. (*Id.* at 10-12.)

By way of additional brief background, in 2018, Plaintiff filed an underlying lawsuit (the "Underlying Action") against multiple defendants, including Flying W, for premises liability, breach of contract, negligence, and wrongful death. (Flying W's Moving Br. 1; *see* Am. Compl.

---

[8] Because the Court finds dismissal is appropriate for failure to state a claim, the Court declines to consider S&L and AIM's alternative arguments to sever and stay Plaintiff's claims against them. (*See* S&L's Moving Br. 17; AIM's Moving Br. 19.)

¶ 40.)[9] Flying W tendered the Underlying Action to its insurer, Endurance American Insurance Company ("Endurance"), seeking coverage under an aviation insurance policy with a per occurrence limit of liability of five-million dollars (the "Endurance Policy"). (Flying W's Moving Br. 1.) According to Flying W, Endurance accepted the tender and is actively providing a defense to Flying W under the Endurance Policy. (*Id.*) The Underlying Action is still pending. (*Id.*)

The Court begins with Flying W's first argument. As mentioned, Plaintiff alleges that the Contract required Flying W to procure a general liability insurance policy with policy limits of not less than five-million dollars per occurrence and that such policy provide coverage for claims for bodily injury and property damage sustained by any person occurring on the premises of the concert facility or related public areas. (Am. Compl. ¶ 17.) Flying W's first argument boils down to a contention that because Flying W maintained the Endurance Policy, and Endurance has agreed to provide coverage to Flying W in the Underlying Action, the Endurance Policy meets the alleged insurance requirements of the Contract; thus, Plaintiff's breach of contract claim against Flying W fails as a matter of law. (Flying W's Moving Br. 11.)

Here, the Court finds that Plaintiff cannot state a claim for breach of contract against Flying W. Crucially, Plaintiff does not dispute the existence of the Endurance Policy or the fact that it is providing coverage for Flying W in the Underlying Action; instead, Plaintiff contends that the existence of the Endurance Policy does not change the fact that the ACE Policy obtained by Flying W denied coverage for her losses. (Pl.'s Flying W Opp'n Br. 11-12, ECF No. 121.) Indeed, the heart of Plaintiff's breach of contract claim against Flying W centers not on the terms and conditions of the Contract (that is, the agreement between Flying W and Montgomery Gentry), but

---

[9] (*See* Cert. of Other Actions, Am. Compl. 19; *Angela K. Gentry v. Herlihy Helicopters, et al.*, No. 369-18 (N.J. Super. Ct. 2018), Ex. E, Am. Compl.)

11

rather, on the alleged separate contractual agreement, explained above, for the procurement of the ACE Policy between Flying W and AIM and/or S&L in their capacities as agents for ACE and CHUBB. (Am. Compl. ¶¶ 30, 54-59.) Plaintiff also includes one vague allegation that "Plaintiff's decedent further contracted for the procurement of this insurance." (*Id.* ¶ 55.) While Plaintiff appended the Contract to her Amended Complaint (*see generally* the Contract) and cited to provisions of it throughout the pleadings (*see, e.g., id.* ¶ 44), the Court again has nothing but Plaintiff's "threadbare recital" of the existence of a separate contract between Flying W, AIM, and S&L that Flying W allegedly violated, alongside a vague claim of the decedent's involvement and of Plaintiff's beneficiary status. *See Iqbal*, 556 U.S. at 678.[10] Without more, such conclusory allegations are not enough to survive a motion to dismiss. *See id.* Because Plaintiff does not allege sufficient facts to support the existence of any contract Flying W violated and which entitled Plaintiff to contractual obligations, Plaintiff cannot state the elements of her breach of contract claim, nor can she assert any duty to support a claim of negligence. Thus, the Court grants Flying W's Motion to Dismiss Count V.[11]

---

[10] *See In re Burlington Coat Factory*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment[.]").

[11] Because the Court finds dismissal is appropriate due to Plaintiff's failure to state a claim, the Court declines to consider Flying W's secondary argument pertaining to mootness.

## IV. CONCLUSION

For the foregoing reasons, the Court grants S&L and AIM's Motion to Dismiss Count IV and Flying W's Motion to Dismiss Count V. The Court will enter an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp<br>
MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE